UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYANT KEITH JOHNSON, JR.,<br>    *Plaintiff*,<br><br>*V.*<br><br>STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, MICHAEL D. EDMONSON, COLONEL, IN HIS CAPACITY AS THE SUPERINTENDENT OF THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, TRACY JOHN PLAISANCE, TROOPER FIRST CLASS, INDIVIDUALLY AND IN HIS CAPACITY AS EMPLOYEE OF THE STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF STATE POLICE, AND JUSTIN RICE, TROOPER, INDIVIDUALLY AND IN HIS CAPACITY AS EMPLOYEE OF THE STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF STATE POLICE,<br>    *Defendants*. | CIVIL ACTION NO.: 15 – _____ |

COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the Plaintiff herein, Bryant Keith Johnson, Jr., a competent adult of the full age of majority and consent, domiciled, living, and residing in the Parish of East Baton Rouge, State of Louisiana who files this Original Complaint and who, with respect to same, does hereby allege, aver, depose, attest, state, and claim as follows:

PRELIMINARY STATEMENTS:

1.      This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the actions of Defendant Louisiana State Police Officers TFC Tracy John Plaisance (hereinafter sometimes "Plaisance") and Tpr. Justin Rice (hereinafter sometimes

"Rice") in using excessive and unreasonable force against Plaintiff Bryant Keith Johnson, Jr. (hereinafter sometimes "Johnson").

**2.**     The actions and conduct of Defendants Plaisance and Rice are the result of a policy, practice, custom, and/or deliberate indifference on the part of defendant State of Louisiana, Through the Department of Public Safety and Corrections.

**3.**     On or about Saturday, July 26, 2014, Defendants Plaisance and Rice did undertake the full custodial detention and arrest of Johnson.

**4.**     While engaged in the detention, transport, and processing of Johnson pursuant to the said custodial arrest, Defendants Plaisance and Rice did brutally attack Johnson, thereby causing Johnson to suffer grievous physical trauma and other injuries.

**5.**     A formal Use of Force complaint was lodged relative to the mistreatment of Johnson while in the care of Plaisance and Rice, and the allegations made within the said complaint were sustained as to *both* Plaisance *and* Rice.

JURISDICTION / VENUE:

**6.**     This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

**7.**     The material events giving rise to this Complaint occurred within the Parish of Terrebonne, State of Louisiana, a situs within the geographical bounds of the United States District Court in and for the Eastern District of Louisiana.  *See*, http://www.laed.uscourts.gov/court-information/parish-info.

PARTIES:

**8.**     Plaintiff Bryant Keith Johnson, Jr. was, at all times relevant to this Complaint, a legal citizen of the United States of America and a competent adult of the full age of majority and

consent, domiciled, living, and residing in the Parish of East Baton Rouge, State of Louisiana.

9.      Defendant State of Louisiana, Through the Department of Public Safety and Corrections, is a juridical entity amenable to suit which may receive lawful service of process by serving a copy of the Complaint and Summons upon Secretary James M. "Jimmy" LeBlanc, La. DPS&C Headquarters, 504 Mayflower Street, Baton Rouge, Louisiana 70802, 225-342-6740 (telephone), 225-342-3095 (facsimile).

10.     Defendant Michael D. Edmonson, Colonel, In His Capacity as the Superintendent of the Louisiana State Police, is a competent adult of the full age of majority and consent who is domiciled in the State of Louisiana and who operates, manages, directs, and/or controls the Louisiana State Police, which entity did at all times herein relevant employ Defendants Plaisance and Rice.

11.     Defendant Tracy John Plaisance, Trooper First Class, Individually and in His Capacity as Employee of the State of Louisiana, Department of Public Safety and Corrections, Office of State Police, is a competent adult of the full age of majority and consent who is domiciled in the State of Louisiana, who, at all times herein relevant, was a duly appointed and acting officer of the Louisiana State Police, acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Louisiana, and whose last known mailing address is 7919 Independence Boulevard, Baton Rouge, Louisiana 70806.

12.     Defendant Justin Rice, Trooper, Individually and in His Capacity as Employee of the State of Louisiana, Department of Public Safety and Corrections, Office of State Police, is a competent adult of the full age of majority and consent who is domiciled in the State of Louisiana, who, at all times herein relevant, was a duly appointed and acting officer of the Louisiana State Police, acting under color of state law, to wit, under color of the statutes,

ordinances, regulations, policies, customs, and usages of the State of Louisiana, and whose last known mailing address is 7919 Independence Boulevard, Baton Rouge, Louisiana 70806.

13.    The actions of Defendants Plaisance and Rice were supported, authorized, approved, and/or otherwise generally ratified (or wholly unchecked) by their superior officer, Superintendent of the Louisiana State Police Edmonson.

14.    At all times herein relevant, Defendants Edmonson, Plaisance, and Rice were acting within the course and scope of their employment with the State of Louisiana, Department of Public Safety and Corrections, Office of State Police.

15.    At all times relevant to this Complaint, Defendants Edmonson, Plaisance, and Rice acted in concert and conspiracy and were jointly and severally responsible for the harms caused unto Johnson.

16.    At all times relevant to this Complaint, all defendants acted under color of state law.

FACTS

17.    On or about Saturday, July 26, 2014, Plaintiff Johnson was stopped for certain alleged traffic violations while operating a motor vehicle upon the public roadways in the Parish of Terrebonne, State of Louisiana.

18.    Plaintiff Johnson's vehicle was allegedly observed by Defendant Rice to be maneuvering recklessly upon the roadway.

19.    As a result of witnessing this alleged reckless operation, Defendant Rice flagged down Plaintiff Johnson's vehicle before ultimately administering Plaintiff Johnson a Field Sobriety Test.

20.    Upon deeming Plaintiff Johnson to have failed the administered Field Sobriety Test, Defendant Rice placed Plaintiff Johnson under arrest.

**21.**     As part of the arrest, Defendant Rice did place double-locked handcuffs upon Plaintiff Johnson before placing Johnson into the rear of Defendant Rice's vehicle.

**22.**     Plaintiff Johnson was thrown into the vehicle's rear seat very roughly by Defendant Rice.

**23.**     Although Plaintiff Johnson was placed in handcuffs, he was not seat belted into the police cruiser's rear seat.

**24.**     Thereafter, both Defendant Rice and Defendant Plaisance transported Plaintiff Johnson to the Terrebonne Parish Criminal Justice Complex.

**25.**     While *en route* to the Terrebonne Parish Criminal Justice Complex, Defendant Rice did maneuver his vehicle in a manner designed to cause Mr. Johnson to be thrown about the vehicle's back seat.

**26.**     As a result of Defendant Rice's erratic driving maneuvers—including slamming onto his vehicle's brakes to avoid striking a non-existent dog in the roadway—Mr. Johnson's unbelted body was tossed around the vehicle, and his head was thrown into the vehicle's solid restraint panels.

**27.**     After causing Plaintiff Johnson to suffer the infliction of grievous injuries in the ride itself, Defendant Rice brought his vehicle to rest in the secured "Sally Port" area of the Terrebonne Parish Criminal Justice Complex.

**28.**     At this time, Defendant Plaisance (who rode along in the front passenger side of Defendant Rice's vehicle) exited the unit, opened the rear door, and yanked Plaintiff Johnson from within the car.

**29.**     When Plaintiff Johnson was pulled from the vehicle, he was physically injured and visibly shaken.

**30.**     Defendant Plaisance thereafter ordered Plaintiff Johnson to proceed toward the doorway

leading into the Terrebonne Parish Criminal Justice Complex; however, when Plaintiff Johnson did not move with the haste and expedience Defendant Plaisance demanded, Defendant Plaisance did grab Plaintiff Johnson and slam his body into a the building's exterior wall (immediately adjacent to the entry door).

31.    Defendant Plaisance did shout threats of continued violence at Plaintiff Johnson while aggressively pressing his own elbow into Johnson's abdomen, thereby causing additional, grievous injury unto Johnson.

32.    Plaintiff Johnson remained handcuffed during this unprovoked attack, and he was thus powerless to engage in any manner of offensive threat—or, for that matter, to even defend himself from Defendant Plaisance's brutality.

33.    Defendant Rice did exit his vehicle during this fracas, and, together, Defendant Rice and Defendant Plaisance did hurriedly escort Plaintiff Johnson into the Magistrate Room within the Terrebonne Parish Criminal Justice Complex.

34.    During this hurried escort, both Defendant Rice and Defendant Plaisance were overheard to be shouting loudly at Plaintiff Johnson.

35.    After escorting Johnson into the Magistrate Room, Defendants Rice and Plaisance initially left Plaintiff Johnson in handcuffs while they both viciously attacked him.

36.    Upon information and belief, Defendants Rice and Plaisance waited until they reached this particular area to administer the worst of their brutality since this was a singular area within the Terrebonne Parish Criminal Justice Complex without video surveillance.

37.    Indeed, except for a portion of the brutality administered unto Plaintiff Johnson while in the exterior Sally Port area—captured in the very edge of a surveillance video frame—Defendants Rice and Plaisance managed to inflict serious injury upon Johnson without any of

their vile and despicable acts being captured on camera.

**38.** While Plaintiff Johnson remained handcuffed in the Magistrate Room, Defendant Plaisance did physically throw Johnson into the room's walls, and, in particular, Defendant Plaisance did intentionally bang Johnson's head into the side of a metal filing cabinet.

**39.** Upon hearing the commotion, Lieutenant Ross M. Dardar, an officer with the Terrebonne Parish Sheriff's Office, did approach and enter the Magistrate Room to investigate.

**40.** Upon his arrival, Lieutenant Dardar did witness Plaintiff Johnson still handcuffed, lying on the floor, and partially inside a (dented) filing cabinet.

**41.** Lieutenant Dardar further witnessed Defendants Rice and Plaisance remove the handcuffs from Plaintiff Johnson at this time.

**42.** After bringing Plaintiff Johnson to his feet, Defendant Plaisance did respond to Johnson's verbal complaints of pain by executing an otherwise unprovoked, left-arm elbow strike to the right side of Plaintiff Johnson's head.

**43.** After receiving this (additional) blow to his head, Plaintiff Johnson collapsed into a chair, and, with various members of the Terrebonne Parish Sheriff's Office now present, Defendants Rice and Plaisance generally ceased the more violent aspects of their attack upon Johnson.

**44.** Ultimately, Plaintiff Johnson was placed into the custody of Corporal Adam Billiot and Sergeant Nicholas Daigle, both with the Terrebonne Parish Sheriff's Office.

**45.** Plaintiff Johnson was initially designated to be transported for medical care due to the injuries he suffered; however, because Plaintiff Johnson's injuries were suffered in an "altercation with the arresting officers," he was declined for medical care by T.P.S.O. EMT Sade Matthews.

**46.** Instead, EMT Matthews averred Plaintiff Johnson would be required to undergo an

evaluation by the Louis Chabert Medical Center.

47.     Ultimately, Plaintiff Johnson was evaluated by the Chabert Medical Center, and the grievous wounds he suffered at the hands of Defendants Rice and Plaisance were documented and confirmed.

48.     At no time did Plaintiff Johnson physically resist or assault Defendants Rice and/or Plaisance in any way, and the force used against Johnson was unnecessary, excessive, and reprehensible.

49.     At no time during the events described above was Plaintiff Johnson incapacitated, a threat to the safety of himself or others, or disorderly.

50.     At no time during this incident did Plaintiff Johnson use any force against Defendant Rice or Defendant Plaisance or otherwise do anything that would have provided Defendants Rice and/or Plaisance with a legal basis to use force against him.

51.     To the extent that either Defendant Rice or Defendant Plaisance did not use force against Plaintiff Johnson, that defendant did fail to intervene to protect Plaintiff Johnson from the unlawful use of force by the other defendant(s).

52.     At all times relevant to this Complaint, the conduct of Defendants Rice and Plaisance was in willful, reckless, and callous disregard of Plaintiff Johnson's rights under federal and state law.

53.     At all times relevant to this Complaint, the conduct of all Defendants was subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

54.     Acting under the color of law, Defendants Rice and Plaisance caused, contributed to, and/or effected a denial of Plaintiff Johnson's rights, privileges, and immunities secured by the United States Constitution and by Federal law, including but not limited to the violations

enumerated below.

55.     As a direct and proximate result of the conduct of all Defendants, Plaintiff Johnson

suffered and continues to suffer physical and psychological harm, pain and suffering, some or all

of which may be permanent, as well as financial losses.

DAMAGES

56.     As a direct and proximate result of the said acts of Defendant Tpr. Justin Rice and

Defendant TFC Tracy John Plaisance, the Plaintiff, Bryant Keith Johnson, Jr., suffered the

following injuries and damages:

       a.     Violation of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment and excessive force;
       b.     Past, present and future medical, hospital, doctor, and related expenses;
       c.     Past, present and future physical pain and suffering;
       d.     Past, present and future mental anguish and anxiety;
       e.     Past, present and future lost wages and diminished earning capacity;
       f.     Past, present, and future emotional distress;
       g.     Past, present, and future loss of enjoyment of life;
       h.     Residual physical disability;
       i.     Such other damages which were caused by the aforesaid incident and which were sustained by the plaintiff.

CAUSES OF ACTION

COUNT I<br>(42 U.S.C. § 1983 Against Individual Defendants)

57.     Plaintiff Bryant Keith Johnson, Jr. claims damages for the injuries set forth above under

42 U.S.C. § 1983 against Defendant Tpr. Justin Rice and Defendant TFC Tracy John Plaisance

(hereinafter sometimes "Defendant Officers") for violation of Johnson's constitutional rights

under color of law, since the conduct and actions of the said Defendant Officers were done under

color of state law and in their individual and official capacities and squarely within the scope of

their employment.

58.     Said acts by said Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and were an abuse of their powers, and said Defendant Officers acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT II
### (Assault and Battery Against Individual Defendants)

59.     Defendant Officers Rice and Plaisance did falsely assault and commit battery upon Plaintiff Johnson in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

60.     The actions of Defendant Officers Rice and Plaisance constitute the torts of assault and battery under the laws of the State of Louisiana.

61.     Acting under the color of law, Defendant Officers Rice and Plaisance did utilize excessive force against Plaintiff Johnson, thereby inflicting serious, permanent injuries upon Johnson and to otherwise violating his federal constitutional and federal civil rights.

62.     Defendant Officers Rice and Plaisance acted in combination and in concert to commit unlawful and unconstitutional acts against Plaintiff Johnson.

63.     Furthermore, the law under the Eighth and Fourteenth Amendments in this regard is clearly established so as to defeat any purported qualified immunity claim these Defendant Officers may raise in response to Johnson's state law claims.

## COUNT III
### (42 U.S.C. § 1983 Against State of Louisiana, DPS&C, Office of State Police)

64.     Prior to July 26, 2014, the Louisiana State Police developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Louisiana,

which policies or customs caused the violation of the Plaintiff Johnson's rights.

65.    It was the policy and/or custom of the Louisiana State Police to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the Louisiana State Police.

66.    It was the policy and/or custom of the Louisiana State Police to tolerate known misconduct by Defendant Tpr. Justin Rice and Defendant TFC Tracy John Plaisance.

67.    Both prior and subsequent to July 26, 2014, the Louisiana State Police had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action.

68.    It was the policy and/or custom of the Louisiana State Police to inadequately supervise and train its police officers, including Defendant Tpr. Justin Rice and Defendant TFC Tracy John Plaisance, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

69.    It was the policy and/or custom of the Louisiana State Police to not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

70.    As a result of the above described policies and customs, officers of the Louisiana State Police, including Defendant Tpr. Justin Rice and Defendant TFC Tracy John Plaisance, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated and acquiesced to.

71.    The Louisiana State Police, by and through its Superintendent, Colonel Michael D. Edmonson, instituted and supported unconstitutional acts, customs, and policies whereby officers with the Louisiana State Police were permitted and encouraged to engage in the widespread and wholly unpunished abuse of their status and position as law enforcement officers.

**72.**    The acts, customs, and policies of the Louisiana State Police constitute deliberate indifference to Plaintiff Johnson's constitutional rights and proximately caused his injuries as alleged herein.

**73.**    Under the doctrine of *respondeat superior*, Defendant State of Louisiana, Through the Department of Public Safety and Corrections and/or the Louisiana State Police is/are fully responsible for the tortious acts of the individual employees named herein.

**74.**    The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the Louisiana State Police, including Defendant DPS Superintendent Colonel Michael D. Edmonson and/or the Louisiana State Police, to the constitutional rights of persons within the State of Louisiana, and were the cause of the violations of Plaintiff Johnson's rights as alleged herein.

**COUNT IV**
**(Intentional Infliction of Emotional Distress Against All Defendants)**

**75.**    As a direct and proximate consequence of the outrageous and unconscionable acts and omissions on the part of Defendant Tpr. Justin Rice and Defendant TFC Tracy John Plaisance as described above, these Defendant Officers intentionally inflicted emotional distress upon Plaintiff Johnson.

**76.**    Thus, the Plaintiff Johnson is entitled to a monetary judgment against these Defendants, both jointly and severally.

**COUNT V**
**(Attorney Fees Against All Defendants)**

**77.**    Plaintiff Bryant Keith Johnson, Jr. contends that he is also entitled to the awarding of reasonable attorney fees, plus costs, litigation expenses, and expert fees, all as allowed pursuant to 42 U.S.C. 1988.

## COUNT VI
### (Punitive Damages Against All Defendants)

**78.**    Defendant Tpr. Justin Rice and Defendant TFC Tracy John Plaisance acted with malice and gross neglect in their use of force against Johnson, resulting in Johnson's severe injuries as herein alleged.

**79.**    Plaintiff Johnson specifically alleges his race is African American, and Defendant Tpr. Justin Rice and Defendant TFC Tracy John Plaisance are, upon information and belief, Caucasian.

**80.**    Plaintiff Johnson thus alleges the actions, brutality, assault(s), and battery herein alleged to have been committed by the Defendant Officers was, upon information and belief, racially motivated and/or arising out of a racial animus or bias, thereby impinging upon Plaintiff Johnson's civil rights and entitling Johnson to recover, *inter alia*, an award for appropriate punitive damages against the Defendant Officers, jointly and severally.

**81.**    Consequently, both the State of Louisiana, Department of Public Safety and Corrections and Defendants Rice and Plaisance are liable for exemplary / punitive damages in these premises.

### PARTICULARIZED ALLEGATIONS

**82.**    Plaintiff Johnson avers and states he was deprived of rights secured by the Constitution or laws of the United States by and through the actions, conduct, policies, and practices of the named defendants, and the said deprivation of rights was committed by Defendants under the color of state law.  See, *e.g.*, Lugar v. Edmondson Oil Co., 457 U.S. 922, 931, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

**83.**    Plaintiff Johnson avers and states the Defendants deprived him of constitutional and/or statutory rights which were clearly established at the time of the deprivation such that a

reasonable official would understand his conduct was unlawful in the situation he confronted. See, *e.g.*, <u>Saucier v. Katz</u>, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

**84.**     Plaintiff Johnson avers and states Defendant Tpr. Justin Rice and Defendant TFC Tracy John Plaisance violated Plaintiff's right to be free from excessive force during the course of his arrest, where the Defendant's use of force was excessive as measured under the Fourth Amendment's reasonableness standard, and the amount of force used by Defendants Rice and/or Plaisance was objectively unreasonable under the particular circumstances.  See, *e.g.*, <u>Graham v. Connor</u>, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

**85.**     Plaintiff Johnson avers and states the Defendant Officers are not entitled to qualified immunity where the severity of the atrocities visited upon the Plaintiff were of sufficient magnitude that the Defendants knew or should have known their conduct was patently unconstitutional.  *Accord*, <u>Guite v. Wright</u>, 147 F.3d 747, 750 (8th Cir. 1998).

**86.**     Plaintiff Johnson avers the Louisiana State Police had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action, which failure caused or significantly contributed to the violence and abuse visited upon Plaintiff Johnson and for which the Defendants are liable in accordance with <u>Harris v. City of Pagedale</u>, 821 F.2d 499, 504 (8th Cir.), *cert. denied*, 484 U.S. 986, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987).

**87.**     Plaintiff Johnson finally avers and states, for all of the reasons set forth above, the Defendant Officer's assault and battery upon his personage during the context of a custodial detention and arrest following a traffic stop was patently illegal where there was no need for any amount of force—excessive or otherwise—to be administered against him.

### JURY DEMAND:

**88.**     In accordance with the Federal Rules of Civil Procedure, Plaintiff Johnson hereby

demands a trial by jury of all issues raised in this case.

## JOINT AND SEVERAL LIABILITY:

89.    Plaintiff Johnson hereby alleges all Defendants are jointly and severally liable in the premises.

## CONCLUSION AND PRAYER:

90.    **WHEREFORE**, in consideration of the stated premises, Plaintiff Bryant Keith Johnson, Jr. requests that Defendants be summoned to appear and answer, and that on final trial, judgment be granted against Defendants, jointly and severally, for the following damages:

a.    Past and future medical expenses;

b.    Past and future compensatory damages;

c.    Past and future pain and suffering;

d.    Past and future mental anguish;

e.    Past and future lost wages;

f.    Funeral expenses;

g.    Punitive and exemplary damages;

h.    Pre-judgment and post-judgment interest;

i.    Costs of suit and attorney's fees pursuant to 42 U.S.C. 1988;

j.    All other legal and equitable relief which may be necessary and proper to effectuate the purposes of 42 U.S.C. 1983; and,

k.    Such other and further relief to which Plaintiff may be justly entitled in these premises.

SIGNATURE ON NEXT PAGE.

Respectfully Submitted,

**LAW OFFICE OF J. CHRISTOPHER ALEXANDER, SR., LLC**
Attorney and Counselor at Law


 /s/ J. CHRISTOPHER ALEXANDER, SR., ESQ.
J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
chris@jcalaw.us